OHIO COURT OF COMMON PLEAS
CLARK COUNTY

| | |
|---|---|
| COURTNEY CONN,<br>Individually and as Representative<br>of the Estate of<br>YULIA VARGAS, Deceased, | CASE NO. '12 - CV0631<br><br>JUDGE: _____ |
| 413 Park Drive<br>Medway, OH 45341 | COMPLAINT |
| Plaintiff, | (WITH JURY DEMAND) |
| V. | |
| WHOLE SPACE INDUSTRIES<br>COMPANY, LTD. | |
| C/O: Michael Hollander<br>2056 Reston Circle<br>West Palm Beach, FL 33411 | |
| AND | |
| MEIJER, INC. | |
| C/O: The Corporation Company<br>30600 Telegraph Road<br>Ste 2345<br>Bingham Farms, MI 48025 | |
| AND | |
| CHARLES HAMILTON, | |
| 3230 Upper Bellbrook Road<br>Bellbrook, OH 45305 | |
| AND | |

2012 JUN 14 P 4: 21
RON VINCENT, CLERK
COMMON PLEAS COURT
CLARK COUNTY, OHIO
FILED

1

SHIRLEY HAMILTON,                                    )
                                                     )
          3230 Upper Bellbrook Road                  )
          Bellbrook, OH 45305                        )

JOHN DOE NO. 1                                       )
Window Covering Manufacturer                         )
Name(s) and Address(es) Unknown                      )
                                                     )
AND                                                  )
                                                     )
JOHN DOE NO. 2                                       )
Window Covering Retailer                             )
Name(s) and Address(es) Unknown                      )
                                                     )
          Defendants.                                )

## COMPLAINT

COMES NOW Plaintiff Courtney Conn, individually and as representative of the Estate of

Yulia Vargas (Plaintiff), and for her Complaint against Meijer, Inc. ("Meijer"), Whole Space

Industries Company, Ltd. ("Whole Space"), Charles Hamilton, Shirley Hamilton, John Doe I and

John Doe II (hereinafter collectively referred to as "Defendants"), states as follows::

### JURISDICTIONAL ALLEGATIONS

1.    At all times pertinent hereto, Plaintiff Courtney Conn is and was the mother of

Yulia Vargas who died on October 30, 2010.

2.    Plaintiff, Courtney Conn, is the duly appointed Administrator of the Estate of

Yulia Vargas. She brings this survivorship and wrongful death action in her own capacity and as

personal representative of the Estate of Yulia Vargas.

2

3.     Defendant Meijer, Inc. is a Michigan corporation engaged in the business of retailing, including the retailing of window coverings which are the subject of this lawsuit. Defendant Meijer, Inc. regularly transacts business in the State of Ohio, maintains continuous and systematic business contacts within the State of Ohio, derives substantial revenue from goods used or consumed in the State of Ohio, and purposefully directs business activities, including the sale of its mini-blinds, to Ohio residents. This cause of action arises out of these contacts with the State of Ohio as this action relates to the sale of a window covering manufactured, distributed and/or marketed by Whole Space Industries, Ltd. (hereinafter "Whole Space") that was sold in the State of Ohio to a resident of this State.

4.     Defendant Whole Space is a New York corporation engaged in the business of manufacturing, distributing and/or marketing, *inter alia*, corded window covering products, including the subject window covering. Whole Space regularly transacts business in the State of Ohio, maintains continuous and systematic business contacts within the State of Ohio, derives substantial revenue from goods used or consumed in the State of Ohio, and it purposely directs business activities, including the sale of its window coverings, to Ohio residents. This cause of action arises out of these contacts with the State of Ohio as this action relates to the sale of a window covering manufactured, distributed and/or marketed by Whole Space Industries Company, Ltd. that was sold in the State of Ohio to a resident of this State.

5.     Defendants Shirley and Charles Hamilton (hereinafter "the Hamiltons") were and are residents of the state of Ohio and are the owners and the landlords of the home located at 413 Park Drive, Medway, Ohio, which was leased to Plaintiff and her family.

3

6. Defendant John Doe No. 1 is a manufacturer and/or distributor and/or fabricator and/or engineer and/or designer of window coverings, the real name and address of whom is currently unknown to Plaintiff and could not be discovered prior to the filing of this Complaint despite the exercise of due diligence.

7. Defendant John Doe No. 2 is a retailer and/or distributor of window coverings, the real name and address of whom is currently unknown to Plaintiff and could not be discovered prior to the filing of this Complaint despite the exercise of due diligence.

8. At all relevant time pertinent hereto, Plaintiff leased the home where she and Yulia Vargas resided from the Hamiltons.

9. On or about October 30, 2010, while at her home at 413 Park Drive in Medway, Ohio, decedent Yulia Vargas became entangled on the cord of window covering and strangled to death, which window covering had been purchased from Meijer, Inc. and distributed and manufactured by Whole Space, which window covering had been installed and/or allowed to remain in the home rented by Plaintiffs by the Hamiltons when they knew or should have known the window covering was dangerous and defective.

10. Said window covering had been purchased from Meijer and distributed and manufactured by Whole Space.

11. Defendant Whole Space designed, engineered, manufactured, distributed, sold and/or placed in the stream of commerce a defective window covering which was purchased and marketed and sold by Defendant Meijer, Inc. and purchased and installed by the Hamiltons to be used by their tenants, including Yulia Vargas, and said window covering was defective and not fit for its reasonably intended use at the time of its purchase.

4

## COUNT ONE – STRICT LIABILITY
## WHOLE SPACE INDUSTRIES, LTD. AND MEIJER, INC.

COMES NOW Plaintiff and for Count One of her Complaint against Whole Space Industries Company, Ltd. and Meijer, Inc. states as follows:

12.     Plaintiff incorporates each and every allegation of this Complaint as if fully set forth herein.

13.     Before Plaintiff Courtney Conn leased the home in question, the landlord installed, or caused to be installed in the bedroom of the aforesaid home, a set of mini-blinds which, unknown to Plaintiff, were dangerous and defective and were installed despite Industry recommendations that the same were inappropriate for use in homes with small children.

14.     On or about October 30, 2010, while at her home at 413 Park Drive in Medway, Ohio, decedent Yulia Vargas became entangled in the cord of a corded window covering and strangled to death.

15.     Defendant Whole Space manufactured, distributed, sold and/or placed in the stream of commerce a defective window covering which was purchased and marketed and sold by Defendant Meijer, Inc. and purchased by Plaintiff's landlord, the Hamiltons, for use in their home by their tenants, including Yulia Vargas and at the time of purchase, unknowing to Plaintiff, said window covering was defective and not fit for its reasonable use.

16.     Meijer and Whole Space manufactured, distributed and/or retailed the window covering referenced in this Complaint for the purposes of marketing it to the consuming public, including Plaintiff.

5

17. Upon information and belief, the window covering was purchased in November 2009.

18. Defendants are strictly liable in tort to Plaintiff for the defective manufacture and/or design and/or sale of the window covering shade which is the subject of this lawsuit and/or its component parts, pursuant to O.R.C. 2307.71 *et seq.*

19. Defendants are strictly liable in tort to Plaintiff for the following reasons:

   a. Defendants' product was sold without mechanisms to prevent strangulation.

   b. Defendants' product contains cords capable of obtaining an accessible cord length in excess of 7 1/4 inches which posed an unreasonable risk of strangulation.

   c. Defendants' product failed to contain proper warnings and/or failed to provide adequate information regarding possible strangulation hazards associated with the product and/or the suitability for use in homes with small children.

   d. Defendants' product failed to utilize a lift cord system or design that would eliminate cords and/or the risk of strangulation.

   e. Defendants' product failed to comply with industry recommendations, the 1994, 1996 and/or 2000 recall programs in that product was not modified, retrofitted, recalled or redesigned to avoid the risk of strangulation.

   f. Defendants' product at the time of sale and/or installation failed to have adequate safety devices to reduce access to and/or eliminate loops and cord hazards.

   g. Defendants' product contained cords not necessary for the operation of the product.

20. As a direct and proximate result of the conduct of these Defendants, Yulia Vargas strangled to death.

6

21. The aforesaid product was dangerous when put to its reasonably anticipated use, and the aforesaid product was, in fact, put to its reasonably anticipated use in the decedent's bedroom.

22. As a direct and proximate result of the conduct of these Defendants, Yulia Vargas' beneficiaries, heirs and next of kin suffered damage by virtue of her pre-death injuries and wrongful death and have suffered the loss of her support, companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and services. Said beneficiaries have also suffered mental anguish and other loss as a result of her death.

23. As a further direct and proximate result of the conduct of these Defendants, Yulia Vargas' beneficiaries have incurred funeral, medical and other related expenses as a result of her injuries and wrongful death.

24. To the extent that the Defendants' acts or omissions demonstrate malice, a flagrant disregard for the safety of persons who might be harmed by the subject window blind, or aggravated or egregious fraud, Yulia Vargas' beneficiaries are entitled to recover punitive damages.

## COUNT TWO – NEGLIGENCE
## WHOLE SPACE INDUSTRIES, LTD. AND MEIJER, INC.

COMES NOW Plaintiff and for Count Two of her Complaint against Whole Space Industries Company, Ltd. and Meijer, Inc, states as follows:

25. Plaintiff incorporates each and every allegation of this Complaint as if fully set forth herein.

26.    Defendants failed to use ordinary care in the design, manufacturing, testing, labeling, distributing, and retailing the window covering and its component parts so as to not injure or kill its users, including Yulia Vargas, in one or more of the following respects:

    a.    Defendants were negligent in allowing the product to be sold without safety devices and/or mechanisms to prevent the possibility of strangulation.

    b.    Defendants negligently allowed the product to contain cords capable of forming an accessible cord length and/or an exposed loop in excess of 7 ¼ inches which pose an unreasonable risk of strangulation.

    c.    Defendants' product negligently failed to contain proper warnings permanently affixed to the window covering, including warnings regarding suitability for use in homes with small children, and failed to provide adequate information and warning at any time before, during or after the sale.

    d.    Defendants' product failed to provide adequate information regarding the possible strangulation hazards associated with the product.

    e.    The product in question was unsafe for use in homes where small children might be present.

    f.    Defendants' product negligently failed to contain a lift cord system that would eliminate cords and/or the risk of strangulation.

    g.    Defendants negligently failed to take adequate measures to redesign their product to avoid the risk of strangulation.

    h.    Defendants negligently failed to modify, retrofit and/or adequately recall a known defective product sold by them, having undertaken to do so.

    i.    Defendants' product was negligently manufactured and sold in the condition such that it failed to perform safely as an ordinary consumer would expect when the product was used in a reasonably foreseeably manner.

8

j.    Defendants failed to consult with users of said window coverings as to the product most suitable for their application and failed to consult regarding alternate feasible designs and cordless alternatives and failed to display appropriate warnings and placards in retail stores.

k.    Defendants failed to advise users of said window coverings, including that the product in question, that the window covering was unsafe in homes where children would be present.

l.    Defendants failed to design, engineer, manufacture, distribute, sell, and retail cordless alternatives, and failed to provide and advise as to the need for safety devices

27.    As a direct and proximate result of the conduct of these Defendants as more specifically set forth herein, Yulia Vargas was killed.

28.    As a further direct and proximate result of the conduct of these Defendants, Yulia Vargas' beneficiaries suffered damage by virtue of her wrongful death and have suffered the loss of her support, companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and services. Said beneficiaries have also suffered mental anguish and other loss as a result of her death.

29.    As a further direct and proximate result of the conduct of these Defendants, Yulia Vargas' beneficiaries have incurred funeral expenses as a result of her death.

30.    To the extent that the Defendants' acts or omissions as a result from willful and malicious conduct or conduct demonstrating knowing and reckless indifference toward, and the disregard of, public safety, and health, Yulia Vargas' beneficiaries are entitled to recover punitive damages.

## COUNT THREE – FAILURE TO WARN
## WHOLE SPACE INDUSTRIES, LTD. AND MEIJER, INC.

COMES NOW Plaintiff and for Count Three of her Complaint against Whole Space Industries Company, Ltd. and Meijer, Inc, states as follows:

31. Plaintiff incorporates each and every allegation of this Complaint as if fully set forth herein.

32. Pursuant to R.C. § 2307.76(B), when the subject window covering left the control of Defendants, the manufacturer, exercising reasonable care, should have known about the strangulation hazard associated with the subject window covering and the fact that the product was not recommended for use in homes with small children which caused Plaintiff's harm.

33. When the product left the control of Defendants, Defendants failed to provide adequate warning or instruction that a manufacturer exercising reasonable care would have provided concerning the strangulation hazard in light of the likelihood that the product would cause harm of the type claimed by Plaintiff and in light of the likely seriousness of that harm.

34. As a direct and proximate result of the conduct of these Defendants, Yulia Vargas strangled to death.

35. As a further direct and proximate result of the conduct of these Defendants, Yulia Vargas' beneficiaries, heirs and next of kin suffered damage by virtue of her pre-death injuries and wrongful death and have suffered the loss of her support, companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and services. Said beneficiaries, heirs and next of kin have also suffered mental anguish and other loss as a result of her death.

10

36. As a further direct and proximate result of the conduct of these Defendants, Yulia Vargas' Estate has incurred funeral, medical and other related expenses as a result of her injuries and wrongful death.

37. To the extent that the Defendants' misconduct manifested a flagrant disregard for the safety of persons who might be harmed by the subject window blind, Yulia Vargas' beneficiaries are entitled to recover punitive damages.

### COUNT FOUR – FAILURE TO PROVIDE POST MARKETING WARNING OR INSTRUCTION - WHOLE SPACE INDUSTRIES, LTD. AND MEIJER, INC.

COMES NOW Plaintiff and for Count Four of her Complaint against Whole Space Industries Company, Ltd. and Meijer, Inc, states as follows:

34. Plaintiff incorporates each and every allegation of this Complaint as if fully set forth herein.

35. Pursuant to R.C. § 2307.76 (B), the subject window covering was defective due to inadequate post-marketing warning or instruction because at the time they left the control of Defendants, Defendants knew, exercising reasonable care, or should have known about the strangulation hazard that is associated with the subject window covering and the fact the product was unsafe for use in homes with small children which caused Yulia Vargas' death.

36. The subject window covering was defective due to inadequate post-marketing warning or instruction because Defendants failed to provide post-marketing warning or instruction that the manufacturer exercising reasonable care would have provided concerning the risk, in light of the likelihood of the product would cause strangulation of decedent, in light of the likely seriousness of that harm.

11

37.     As a direct and proximate result of the conduct of these Defendants, Yulia Vargas strangled to death.

38.     As a further direct and proximate result of the conduct of these Defendants, Yulia Vargas' beneficiaries, heirs and next of kin suffered damage by virtue of her pre-death injuries and wrongful death and have suffered the loss of her support, companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and services. Said beneficiaries, heirs and next of kin have also suffered mental anguish and other loss as a result of her death.

39.     As a further direct and proximate result of the conduct of these Defendants, Yulia Vargas' Estate has incurred funeral, medical and other related expenses as a result of her injuries and wrongful death.

40.     To the extent that the Defendants' misconduct manifested a flagrant disregard for the safety of persons who might be harmed by the subject window blind, Yulia Vargas' beneficiaries are entitled to recover punitive damages.

## COUNT FIVE - NEGLIGENCE
## SHIRLEY AND CHARLES HAMILTON

COMES NOW Plaintiff and for Count Five of her Complaint against Shirley and Charles Hamilton states as follows:

41.     Plaintiff Courtney Conn leased the residential property where she resided with Yulia Vargas at the time of the incident from the Hamiltons.

12

42.     Prior to October 30, 2010, the Hamiltons installed or caused to be installed the defective window covering that is the subject of this case in the bedroom of Plaintiff's home, where Yulia Vargas resided.

43.     The Hamiltons were given complete and absolute control of the installation of said window covering and that installation was under the management and control of the Hamiltons.

44.     The Hamiltons failed to use ordinary care in the installation of the subject mini-blinds and its component parts so as to not injure or kill its users, including Yulia Vargas, in one or more of the following respects:

    a.    The Hamiltons were negligent in the installation and maintenance of the subject mini-blinds, in that, the Hamiltons installed and/or allowed to remain accessible pull cords and loops of greater than 7 1/4 inches in length, creating an unreasonable risk of danger of pull cords and loop strangulation.

    b.    The Hamiltons knew or should have known of the unreasonable risk of strangulation resulting in death or serious injury from the use of corded window products, yet failed to make accommodations to eliminate the aforesaid danger.

    c.    The Hamiltons chose to purchase and install in their rental property corded products, despite the availability of safer cordless alternatives.

    d.    The Hamiltons allowed dangerous and defective window coverings to be present in a home they owned and rented to families with small children.

    e.    The Hamiltons were negligent in failing to retrofit the aforesaid window covering shades pursuant to the 1996 and/or 2000 industry-wide recall and retrofit programs, about which they knew or should have known.

    f.    The Hamiltons were negligent in that they knew or should have known that the retrofit kits and tie down devices were available safety devices, yet failed to provide such retrofit kits.

13

g.   The Hamiltons were negligent in failing to follow manufacturers' warnings and instructions and in supplying a product not suitable for the application in which they knew small children would be present.

45.   As a further direct and proximate result of the conduct of these Defendants, Yulia Vargas' beneficiaries suffered damage by virtue of her wrongful death and have suffered the loss of her support, companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and services. Said beneficiaries have also suffered mental anguish and other loss as a result of her death.

46.   As a further direct and proximate result of the conduct of these Defendants, Yulia Vargas' beneficiaries have incurred funeral expenses as a result of her death.

47.   To the extent that the Defendants' misconduct manifested a flagrant disregard for the safety of persons who might be harmed by the subject window blind, Yulia Vargas' beneficiaries are entitled to recover punitive damages.

## COUNT SIX - FAILURE TO WARN
## WHOLE SPACE INDUSTRIES, LTD. AND MEIJER, INC.

COMES NOW Plaintiff and for Count Six of her Complaint against Whole Space Industries Company, Ltd. and Meijer, Inc, states as follows:

48.   Plaintiff incorporates each and every allegation of this Complaint as if fully set forth herein.

49.   Defendant Whole Space manufactured and Defendant Meijer was the supplier of the defective window covering.

50.   Defendant Meijer is subject to liability under O.R.C. 2307.78.

14

51.     Defendants knew or should have known of the strangulation hazards of the subject window covering when in use in homes with small children.

52.     Defendants negligently failed to warn users of the subject window covering by failing to provide adequate information which Defendants possessed and which the Defendants should have known was necessary to make safe use of the subject window covering.

53.     Such warning by Defendants would have allowed decedent to use the window covering safety and/or choose or opt for an alternate product.

54.     As a direct and proximate result of the conduct of these Defendants, Yulia Vargas strangled to death.

55.     As a further direct and proximate result of the conduct of these Defendants, Yulia Vargas' beneficiaries, heirs and next of kin suffered damage by virtue of her pre-death injuries and wrongful death and have suffered the loss of her support, companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and services. Said beneficiaries, heirs and next of kin have also suffered mental anguish and other loss as a result of her death.

56.     As a further direct and proximate result of the conduct of these Defendants, Yulia Vargas' Estate has incurred funeral, medical and other related expenses as a result of her injuries and wrongful death.

57.     To the extent that the Defendants' misconduct manifested a flagrant disregard for the safety of persons who might be harmed by the subject window blind, Yulia Vargas' beneficiaries are entitled to recover punitive damages.

## COUNT SEVEN – SURVIVORSHIP

COMES NOW Plaintiff and for Count Seven of her Complaint against Whole Space
Industries, Ltd, Meijer, Inc. and Shirley and Charles Hamilton states as follows:

58.     Plaintiff incorporates each and every allegation of this Complaint as if fully set
forth herein.

59.     On or about October 30, 2010, Yulia Vargas passed away from injuries associated
with strangling in a window covering manufactured and distributed by Defendants.

60.     Plaintiff further states that as a direct and proximate result of the conduct of the
Defendants, the decedent suffered extreme pain and suffering from the realization of her peril
until her death.

61.     As a further direct and proximate result of the foregoing conduct of Defendants,
Decedent Yulia Vargas incurred economic and non-economic damages from the time of the
incident until the time of her death.

62.     To the extent that the Defendants' misconduct manifested a flagrant disregard for the
safety of persons who might be harmed by the subject window blind, Yulia Vargas' beneficiaries are
entitled to recover punitive damages.

## COUNT EIGHT – WHOLE SPACE INDUSTRIES, LTD. AND MEIJER, INC.

COMES NOW Plaintiff and for Count Eight of her Complaint against Whole Space
Industries Company, Ltd. and Meijer, Inc, states as follows:

63.     Plaintiff incorporates each and every allegation of this Complaint as if fully set
forth herein.

16

64. The window covering which caused decedent's injuries and death were:

   a. Defective in manufacture or construction pursuant to R.C. 2307.74.

   b. Defective in design or formulation pursuant to R.C. 2307.75.

   c. Defective due to inadequate warning or instruction pursuant to R.C. 2307.76.

   d. Defective because it did not conform to a representation made by its manufacturer pursuant to R.C. 2307.76.

65. As a direct and proximate result of the foregoing, Defendants are strictly liable to the Plaintiff pursuant to Ohio's Product Liability Act set forth in R.C. 2307.71 *et. seq.*

66. As a direct and proximate result of the conduct of these Defendants, Yulia Vargas strangled to death.

67. As a further direct and proximate result of the conduct of these Defendants, Yulia Vargas' beneficiaries, heirs and next of kin suffered damage by virtue of her pre-death injuries and wrongful death and have suffered the loss of her support, companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and services. Said beneficiaries, heirs and next of kin have also suffered mental anguish and other loss as a result of her death.

68. As a further direct and proximate result of the conduct of these Defendants, Yulia Vargas' Estate has incurred funeral, medical and other related expenses as a result of her injuries and wrongful death.

17

69.     To the extent that the Defendants' misconduct manifested a flagrant disregard for the safety of persons who might be harmed by the subject window blind, Yulia Vargas' beneficiaries are entitled to recover punitive damages.

### COUNT NINE – MEIJER, INC.

COMES NOW Plaintiff and for Count Nine of her Complaint states against Meijer, Inc. states as follows:

70.     Plaintiff incorporates each and every allegation of this Complaint as if fully set forth herein.

71.     Defendant Meijer is liable pursuant to R.C. 2307.78 because:

   a.     It was independently negligent;

   b.     The window covering did not conform to a representation of Defendant Whole Space; and

   c.     Defendant Meijer created or furnished to Defendant Whole Space the design or formulation that was used to produce, create, make, construct, assemble, or rebuild that product or a component of that product; and

   d.     Defendant Meijer produced the product under its own label or trade name.

72.     As a direct and proximate result of the conduct of Defendant, Yulia Vargas strangled to death.

73.     As a further direct and proximate result of the conduct of Defendant, Yulia Vargas' beneficiaries, heirs and next of kin suffered damage by virtue of her pre-death injuries and wrongful death and have suffered the loss of her support, companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and services.

Said beneficiaries, heirs and next of kin have also suffered mental anguish and other loss as a result of her death.

74.     As a further direct and proximate result of the conduct of Defendant, Yulia Vargas' Estate has incurred funeral, medical and other related expenses as a result of her injuries and wrongful death.

75.     To the extent that the Defendant's misconduct manifested a flagrant disregard for the safety of persons who might be harmed by the subject window blind, Yulia Vargas' beneficiaries are entitled to recover punitive damages.

### COUNT TEN – WRONGFUL DEATH
### WHOLE SPACE INDUSTRIES, LTD., MEIJER, INC. AND
### SHIRLEY AND CHARLES HAMILTON

COMES NOW Plaintiff and for Count Ten of her Complaint against Whole Space Industries, Ltd, Meijer, Inc. and Shirley and Charles Hamilton states as follows:

76.     Plaintiff incorporates each and every allegation of this Complaint as if fully set forth herein.

77.     On or about October 30, 2010, Yulia Vargas passed away from injuries associated with strangling in a window covering manufactured and distributed by Defendants.

78.     As a direct and proximate result of the actions of the Defendants, as described above, Plaintiff suffered damages for the wrongful death of Yulia Vargas and is therefore entitled to damages , including but not limited to the damages under Ohio's wrongful death statute set forth in R.C. § 2125.02.

79.     To the extent that the Defendants' misconduct manifested a flagrant disregard for the safety of persons who might be harmed by the subject window blind, Yulia Vargas' beneficiaries are entitled to recover punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally, individually and collectively, as follows:

1,      For an amount in excess of Twenty Five Thousand Dollars ($25,000.00) for compensatory damages;

2.      For an amount in excess of $25,000 for punitive damages;

3.      Attorney's Fees;

4.      Any other relief this court deems just and equitable.

RESPECTFULLY SUBMITTED,

BY

CIANO & GOLDWASSER, LLP
Andrew S. Goldwasser (#0068397)
Phillip A. Ciano (#0066134)
101 West Prospect Ave., Suite 1610
Cleveland, OH 44115
T: 216-658-9900
F: 216-658-9920
Email: asg@c-g-law.com
       pac@c-g-law.com

Co- Counsel:

ONDER, SHELTON, O'LEARY &
PETERSON, LLC
James G. Onder
(To be admitted pro hac vice)
James T. Corrigan
(To be admitted pro hac vice)
110 E. Lockwood, 2nd Floor
St. Louis, MO 63119
(314) 963-9000 telephone
(314) 963-1700 facsimile
*Attorneys for Plaintiffs*

## JURY DEMAND

Plaintiff respectfully demands a trial by jury in this action, by the maximum number of
jurors permitted by law.

_____
Andrew S. Goldwasser

21

