IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| COURTNEY CONN, | : | Case No. 3:12-cv-247 |
| Individually and as Representative | | |
| of the Estate of Y.V., a minor | | District Judge Walter H. Rice |
| | | Magistrate Judge Michael J. Newman |
| Plaintiff, | | |
| | | |
| vs. | : | |
| | | |
| WHOLE SPACE INDUSTRIES | | |
| COMPANY, LTD, *et.al.*, | | |
| | | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION[1]  THAT: (1) PLAINTIFF'S MOTION TO REMAND (DOC. 15) BE GRANTED; AND (2) THIS CASE BE CLOSED**

This action was filed in the Clark County, Ohio Common Pleas Court, and removed to this Court by Defendants pursuant to 28 U.S.C. §§ 1441 and 1446 on July 25, 2012.  *See* doc. 1. Plaintiff timely moved to remand this case back to state court.  *See* 28 U.S.C. § 1447(c).  Thus, this matter is now before the Court upon Plaintiff's motion to remand (doc. 15), Defendants' memorandum in opposition (doc. 19), Plaintiff's reply (doc. 20), and Defendants' sur-reply, filed with leave of Court (doc. 22).[2]

This case arises out of the death of Y.V., a minor, on October 30, 2010.  *See* Second Amended Complaint (doc. 32) at PageID 342.  Y.V. became entangled on the cord of a mini-blind and strangled to death in her home.  *Id.* at PageID 346.  Plaintiff, the mother of Y.V., brings this survivorship and wrongful death action, individually and as the personal representative of the Estate of Y.V., against the retailer of the mini-blind (Defendant Meijer, Inc.); the manufacturer

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2]  The Court held a status conference on January 3, 2013.  At that time, counsel for both sides declined the Court's invitation to hold oral argument on the motion to remand.

and/or distributor and/or marketer of the mini-blind (Defendants Whole Space Corporation, Ltd. (Taiwan) and Whole Space Industries, Ltd. (Samoa)); the owners and landlords of the house where Y.V. died (Charles and Shirley Hamilton); an unknown manufacturer and/or distributor and/or fabricator and/or engineer and/or designer of the mini-blind (Defendant John Doe No. 1); and an unknown retailer and/or distributor of the mini-blind (Defendant John Doe No. 2).[3]  *See* id. at PageID 342-45.  Plaintiff asserts only state law claims (*e.g.*, product liability, negligence, wrongful death and survivorship claims) against Defendants.  *See id.* at PageID 346-62.

As Plaintiff asserts no federal claims in this lawsuit, the only basis for federal jurisdiction is diversity of citizenship.  *See* 28 U.S.C. § 1332.  Plaintiff is a citizen of Ohio.  *See* doc. 32 at PageID 341.  All Defendants are citizens of other states or countries except for Charles and Shirley Hamilton -- who, like Plaintiff, are citizens of Ohio.[4]  *See id.* at PageID 342-45.  Despite the lack of complete diversity between Plaintiff and Defendants, this case was removed by Meijer and Whole Space Industries, Ltd. (Delaware) (collectively "Removing Defendants"), on the grounds that Defendants Charles and Shirley Hamilton were fraudulently joined to defeat federal diversity jurisdiction and, therefore, should not be considered for purposes of determining diversity.  *See* doc. 1 at PageID 2-3.  The Removing Defendants made such an argument because, initially, the wrong "Charles Hamilton" was named and served at an incorrect address, and that "Charles Hamilton" had no relation to this case.  *See* doc. 1-4.  However, Plaintiff has subsequently served the proper Charles Hamilton and Shirley Hamilton at their correct address,

---

[3] Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), Plaintiff and Defendants recently stipulated to the dismissal of Whole Space Industries, Ltd. (Delaware), Bob Hallander Associates, and Michael Hollander.  Doc. 31. The Court accordingly dismissed those Defendants without prejudice on January 23, 2013.  Doc. 36.

[4] Defendant Meijer, Inc. ("Meijer") is a citizen of Michigan, and Defendants Whole Space Corporation, Ltd. (Taiwan) and Whole Space Industries, LTD. (Samoa) are foreign corporations.  Doc. 32 at PageID 342-43. In determining whether a civil action is removable on the basis of diversity of citizenship, "the citizenship of fictitious names (*i.e.*, John Does Nos. 1 and 2) shall be disregarded."  28 U.S.C. § 1441(b)(1).

and they do not dispute being the owners of, and leasing to Plaintiff, the house where Y.V. died. *See* docs. 13, 14, 19-1, 19-2.

Although the Removing Defendants now acknowledge that the correct Charles and Shirley Hamilton (collectively "Hamiltons") have been named as Defendants, they still maintain that Plaintiff fraudulently joined the Hamiltons to defeat diversity jurisdiction. *See* doc. 19 at PageID 183-86. The Removing Defendants specifically contend Plaintiff fails to allege the Hamiltons had "superior knowledge" concerning the risk of mini-blind strangulation, which they claim is a requirement under Ohio law to prove owner/landlord liability. *See id.*

The Removing Defendants have the burden of establishing fraudulent joinder. *See Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). A finding of fraudulent joinder is not warranted unless it is "clear that there can be no recovery under [Ohio] law" based on the cause of action and facts alleged, or there is no "reasonable basis for predicting that the plaintiff could prevail." *Id.* (internal quotations and citations omitted). "[I]f there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, [the] Court must remand the action to state court." *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. Ohio 1999) (internal citations and quotations omitted). In making such a determination, the Court must resolve "all disputed questions of fact and ambiguities in … [Ohio] law in favor of the non[-]removing party," and "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Id.*

Here, the Removing Defendants have not satisfied their burden in showing fraudulent joinder. To the contrary, the Court finds that Plaintiff, in good faith, alleges the Hamiltons are responsible, in part, for the death of Y.V. under a state-law negligence theory. She specifically avers the Hamiltons were negligent, for example, in choosing to purchase the subject mini-blinds;

3

installing them; failing to retrofit them pursuant to the industry-wide recall and retrofit programs; failing to follow the manufacturers' warnings and instructions; and removing or failing to replace "product hang tag warnings." *See* doc. 32 ¶ 62. Further, the Hamiltons do not deny having some involvement with the subject mini-blinds. They acknowledge, in their affidavits, that they purchased and installed the mini-blinds at issue, and saw the applicable warning labels. *See* docs. 19-1, 19-2. Thus, assuming, *arguendo*, that "superior knowledge" is required to find the Hamiltons liable for negligence as a matter of Ohio law, as the Removing Defendants argue, Plaintiff has made, at a minimum, a colorable claim of such "superior knowledge."[5] Accordingly, resolving all disputed questions of fact and ambiguities in Ohio law in Plaintiff's favor, *see Coyne, supra*, the Court finds Plaintiff has alleged sufficient facts to establish a colorable negligence claim against the Hamiltons. *Cf. Little v. Purdue Pharma, L.P.*, 227 F. Supp. 2d 838, 847-52 (S.D. Ohio 2002) (Rice, J.) (finding the plaintiffs adequately stated a colorable cause of action for negligence against the defendants in a product liability case).

In sum, the Court finds the Hamiltons were not fraudulently named as Defendants in this action, and they should remain in this case. Because there are Ohio citizens on both sides, there is not complete diversity between the parties, and this Court lacks federal diversity jurisdiction over this case under 28 U.S.C. § 1332. *See Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 553 (2005). As there is no other basis for subject matter jurisdiction, this case should be remanded to the Clark County Common Pleas Court. *See* 28 U.S.C. § 1447(c).

---

[5] Because it unnecessary to do so, and in the interest of comity, the Court does not express an opinion as to whether Plaintiff must establish the Hamiltons had "superior knowledge" to prevail on her negligence claim. Further, the Court does not express an opinion as to whether the Hamiltons had such "superior knowledge," but merely concludes there is a colorable basis to support such an assertion in Plaintiff's amended complaint.

4

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's motion to remand (doc. 15) be **GRANTED**;

2. This case be **CLOSED**; and

3. A certified copy of the Order of Remand be mailed to the Clerk of Court of the Clark County, Ohio Common Pleas Court.

January 24, 2013                                         s/ **Michael J. Newman**
                                                          United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).